UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

Chapter 7

MENACHEM MENDEL SCHNEORSON,

Case No. 1-22-40433-jmm

                             Debtor.
-------------------------------------------------------------X
MARGALIT SCHNEORSON,

                             Plaintiff,

               v.

Adv. Pro. No. 1-22-01030-jmm

MENACHEM SCHNEORSON,

                           Defendants.
-------------------------------------------------------------X

## MEMORANDUM DECISION ON MARGALIT SCHNEORSON'S
## <u>MOTION FOR REMAND AND ABSTENTION</u>

Appearances:

**Menachem Mendel Schneorson**
1553 Union St Apt# 2
Brooklyn, NY 11213
*Pro Se Debtor-Defendant*

**Alan R Crane, Esq.**
Furr & Cohen, P.A.
2255 Glades Road, Suite 419a
Boca Raton, FL 33431
*Attorney for Plaintiff Margalit Schneorson
(appearing pro hac vice)*

**Barry A. Kaye**
331 Kingston Ave
Brooklyn, NY 11213
*Pro Se Third Party Defendant*

**Robert Nosek, Esq.**
Certilman Baln Adler &Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554
*Attorneys for Richard J. McCord, Chapter 7
Trustee*

HONORABLE JIL MAZER-MARINO
UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

Menachem Schneorson (the "Debtor") removed to this Court an action captioned *In re: the Marriage of Margalit Schneorson, Petitioner/Counter-Respondent/Wife, and Menachem Schneorson, Respondent/Counter-Petitioner/Husband, and Barry A. Kaye, Third Party Defendant,* Case No. FMCE-17-011569 (the "Matrimonial Action") that was pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (the "Family Court"). Margalit Schneorson moves to remand the Matrimonial Action back to the Family Court. Alternatively, Margalit Schneorson requests this Court to abstain from hearing all matters related to the Matrimonial Action.

For the reasons set forth herein, Margalit Schneorson's claims for dissolution of the marriage, temporary domestic support, alimony, and equitable distribution of marital assets are remanded to the Family Court. However, subject to further order of this Court, Margalit Schneorson shall not enforce awards of domestic support or alimony (including attorneys' fees) against property of the bankruptcy estate. Additionally, Margalit Schneorson shall not seek equitable distribution of proceeds from the sale of the Hallandale Property, the Ocean Parkway Property, or the LLC (each as defined below), or other marital assets until this Court determines the bankruptcy estate's interests in those assets. Further, this Court will hear and determine Margalit Schneorson's claims against Barry A. Kaye regarding restraints on the Barry A. Kaye Accounts (defined below).

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference entered by the United States

District Court for the Eastern District of New York, dated August 28, 1986, as amended by Order

dated December 5, 2012.  The claims asserted in this adversary proceeding to determine the

estate's interests in marital property are core proceedings under 28 U.S.C. § 157(b)(2)(O).  The

remaining claims in the adversary proceeding are related to Debtor's bankruptcy case.  The parties

to this adversary proceeding consent to this Court hearing, determining and entering all appropriate

orders and judgments respecting Margalit Schneorson's motion for remand or abstention.  *See* Tr.

of Aug. 30, 2022 Hr'g, 14:1-5, 26:1-5, Adv. ECF No. 21; *see also* Notice of Removal, at 1, Adv.

ECF No. 1.[1]

## **BACKGROUND**

### *The Matrimonial Action, the Marital Residence, and the Barry A. Kaye Accounts*

In 2017, Margalit Schneorson commenced the Matrimonial Action in the Family Court

seeking dissolution of her marriage to Debtor, temporary domestic support, alimony, and equitable

distribution of marital assets.  Mot. for Relief From Automatic Stay (the "Stay Relief Motion")

Ex. C, ECF No. 10-3, Case No. 22-40494; *see also* Stay Relief Mot. ¶ 5, ECF No. 10.  Margalit

Schneorson asserted a third-party claim in the Matrimonial Action against Barry A. Kaye alleging

that Debtor conveyed to Barry A. Kaye a "bogus" mortgage on the marital residence located at

1125 NE 6th Street, Hallandale Beach, Florida (the "Hallandale Property"), which mortgage was

removed by the Family Court.  Stay Relief Mot. ¶¶ 12, 15; *see also* Stay Relief Mot. Ex. A ¶ 8,

ECF No. 10-1.

Prior to the Matrimonial Action, the Hallandale Property deed identified Debtor as the

sole owner.  *Id.* ¶¶ 4-5.  By order dated November 19, 2019, the Family Court determined that title

to the Hallandale Property should be held jointly and directed Debtor to execute and deliver a

---

[1] Citations to "Adv. ECF No. []" are to documents filed in *Schneorson v. Schneorson et al.*, Adv. Pro. No. 22-1030 (Bankr. E.D.N.Y.), identified by docket entry number.

quitclaim deed conveying a one-half interest in the Hallandale Property to Margalit Schneorson. Stay Relief Mot. Ex. D ¶ 10, ECF No. 10-4. The Family Court reserved jurisdiction on Margalit Schneorson's request that attorneys' fees and costs be taxed against Debtor for failing or refusing to correct the deed voluntarily. *Id.* ¶ 17.

By order dated July 19, 2019, the Family Court, among other things, directed Debtor to deposit the net proceeds from the sale of real property located at 1257 Ocean Parkway, Brooklyn, New York (the "Ocean Parkway Property"), into the Broward Clerk's Office Court Registry or with the trust account maintained by Margalit Schneorson's attorneys. Am. Obj., at 2, ECF No. 18, Adv. Pro. No. 22-1025; *see also* Am. Obj. Ex. A, at 34, ECF No. 18, Adv. Pro. No. 22-1025. Barry A. Kaye reports that Margalit Schneorson used that order (and a February 5, 2020 Family Court order) to restrain bank accounts held by him, his business, and his family members (the "Barry A. Kaye Accounts") that allegedly contain proceeds from the Ocean Parkway Property sale. *See* Kaye's Obj. to Mot. to Remand ¶ 4, Adv. ECF No. 18.

By order dated July 30, 2019 (the "Temporary Support Order"), the Family Court awarded Margalit Schneorson temporary alimony, exclusive use of the Hallandale Property, and temporary partial payment of legal fees. Stay Relief Mot. Ex. C, at 7. Debtor claims the Temporary Support Order erroneously states his net worth was $1,713,000 instead of $1,713.00 and that Margalit Schneorson's income was modest. Am. Obj., at 2, ECF No. 18, Adv. Pro. No. 22-1025. Debtor alleges that Margalit Schneorson and her attorneys were aware of the errors but used the Temporary Support Order in the Family Court and this Court to give a false impression of Debtor's net worth. Debtor's Aug. 22 Letter, at 1-2, Adv. ECF No. 20.

On November 19, 2019, the Family Court entered an order directing Debtor to execute, in open court, a quitclaim deed conveying all Debtor's right, title, and interest in and to the Hallandale

Property to Margalit Schneorson based on that court's findings that Debtor had failed to comply with its prior orders. Stay Relief Mot. Ex. D, at 8, ECF No. 10-4. The deed conveying the Hallandale Property to Margalit Schneorson was recorded on December 19, 2019. Stay Relief Mot. Ex. E, ECF No. 10-5.

On January 6, 2020, the Family Court entered an order and judgment awarding Margalit Schneorson $111,199.60 in attorneys' fees and costs. Stay Relief Mot. Ex. F, at 6-7, ECF No. 10-6.

On December 21, 2021, the Family Court entered an order that, among other things, found that Debtor violated its orders by failing to pay temporary alimony, attorneys' fees, or mortgage or insurance payments or real estate taxes for the Hallandale Property. Stay Relief Mot. Ex. G, ECF No. 10-7. The December 21, 2021 order granted Margalit Schneorson's motion for early equitable distribution of the Hallandale Property and authorized her to sell it. *Id.* at 3. The order required the net sale proceeds be held in Margalit Schneorson's matrimonial attorney's trust account, albeit certain distributions could be made without further court order, subject to a final accounting. *Id.* at 4.

***Debtor's Bankruptcy Cases***

Less than two weeks later, on December 29, 2021, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.[2] *In re Schneorson*, Case No. 21-43159 (Bankr. E.D.N.Y.) (the "First Case"). The First Case was automatically dismissed pursuant to Bankruptcy Code section 521(i) on February 14, 2022, due to Debtor's failure to file required schedules and statements. Notice of Automatic Dismissal, ECF No. 42, Case No. 21-43159.

---

[2] All references to the Bankruptcy Code are to 11 U.S.C. § 101 *et seq.*

On March 6, 2022 (the "Petition Date"), Barry A. Kaye, Aaron Berlin, and Mark Alnatan filed against Debtor an involuntary petition for relief under chapter 7 of the Bankruptcy Code. *In re Schneorson*, Case No. 22-40433 (Bankr. E.D.N.Y.) (the "Bankruptcy Case").   Shortly thereafter, on March 14, 2022, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code *pro se*.  *In re Schneorson*, Case No. 22-40494 (Bankr. E.D.N.Y.).  By order dated April 13, 2022, the Court found that Debtor's voluntary petition constituted consent to the entry of an order for relief in the Bankruptcy Case and directed the two cases be consolidated. Order Consolidating Cases, ECF No. 18, Case No. 22-40433.  On April 19, 2022, the Court entered an order for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Case.  Order for Relief, ECF No. 23, Case No. 22-40433.

On April 20, 2022, the United States Trustee appointed Richard J. McCord as chapter 7 trustee (the "Chapter 7 Trustee") for Debtor's bankruptcy estate.  Notice of Appointment of Trustee, ECF No. 24, Case No. 22-40433.

On June 30, 2022, Margalit Schneorson filed a proof of claim, identified on the Claims Register of the Bankruptcy Case as Claim Number 9-1, asserting a $750,271.43 priority claim for domestic support.  *See* Claims Reg., Case No. 22-40433.  The claim amount is based on the amounts awarded in the Temporary Support Order plus additional amounts for temporary alimony and attorneys' fees. *Id.*

**The Stay Relief Motion**

Margalit Schneorson filed the Stay Relief Motion on March 18, 2022 and a supplement and amendment to the Stay Relief Motion on April 11, 2022.  *See* ECF Nos. 10, 35, Case No. 22-40494; *see also* ECF Nos. 7, 13, Case No. 22-40433.[3]

The Stay Relief Motion requests an order granting relief from the automatic stay (or a determination that the stay is inapplicable) to allow (i) the Family Court to enter and enforce all orders necessary or appropriate respecting the dissolution of the marriage, and (ii) Margalit Schneorson to sell the Hallandale Property.  Stay Relief Mot. ¶ 2, ECF No. 10.

Debtor and petitioning creditors Barry A. Kaye and Mark Alnatan objected to the Stay Relief Motion.  *See* Kaye's Obj. to Stay Relief Mot., ECF No. 24, Case No. 22-40494; Debtor's Obj. to Stay Relief Mot., ECF No. 25, Case No. 22-40494; Alnatan's Obj. to Stay Relief Mot., ECF Nos. 37-38, Case No. 22-40494.

The Chapter 7 Trustee filed a response to the Stay Relief Motion.  Ch. 7 Tr.'s Resp. to Stay Relief Mot., ECF No. 26, Case No. 22-40494.  The Chapter 7 Trustee requested the Court delay its consideration of the Stay Relief Motion until the Chapter 7 Trustee had an opportunity to analyze the issues raised by it.  *Id.* ¶ 1.  However, at the April 12, 2022 hearing on the Stay Relief Motion, the Chapter 7 Trustee advised he no longer objected to the sale of the Hallandale Property because his preliminary investigation indicated the property was being sold for an amount exceeding its fair market value.  The Chapter 7 Trustee requested that all other relief requested in the Stay Relief Motion be held in abeyance.

---

[3] The stay relief motions and supplements filed in the two bankruptcy cases are identical.  The responsive papers were filed only in Case No. 22-40494.  Due to the consolidation of the two cases, the Stay Relief Order, defined below, was entered only in Case No. 22-40433.

At the hearing, Debtor, Barry A. Kaye, and Mark Alnatan continued to object to the sale of the Hallandale Property. The three accused Margalit Schneorson and her attorney of fraud and objected to the sale on the grounds that the bankruptcy estate has claims against Margalit Schneorson, and creditors should be paid from the proceeds of those claims and not from the sale of the Hallandale Property. The Court granted the Stay Relief Motion solely to the extent of permitting Margalit Schneorson to sell the Hallandale Property because, among other things, the Chapter 7 Trustee, in his business judgment, determined that the sale was for a price in excess of the property's fair market; Margalit Schneorson held sole title to the Hallandale Property; pre-Petition Date, the Family Court authorized Margalit Schneorson to sell the Hallandale Property; and Debtor did not reside there. The Court rejected the creditors' arguments that the Chapter 7 Trustee should not administer the Hallandale Property but pursue claims against Margalit Schneorson instead. A chapter 7 trustee should not abandon an existing asset because another asset potentially could be administered for the benefit of creditors.

On April 14, 2022, the Court entered an order (the "Stay Relief Order") authorizing the sale of the Hallandale Property, provided the Chapter 7 Trustee, in his sole discretion, consents to the sale and the net sale proceeds are held by the Chapter 7 Trustee pending further order of the Court. Stay Relief Order, ECF No. 17, Case No. 22-40433. The Court reserved decision on the remaining issues. *Id.* Debtor appealed from the Stay Relief Order but did not request a stay pending appeal. Notice of Appeal, ECF No. 34, Case No. 22-40433. The Chapter 7 Trustee reported to the Court that the Hallandale Property sale has closed.

### The Motion to Bifurcate

On April 29, 2022, Margalit Schneorson filed her *Motion to Bifurcate (For Entry of Final Judgment for Dissolution of Marriage) and for Other Relief* (the "Bifurcation Motion") with the

Family Court. Bifurcation Mot., ECF No. 15, Adv. Pro. No. 22-1031. The Bifurcation Motion requests the Family Court to bifurcate the equitable distribution claim from the marriage dissolution and domestic support claims. *Id.* ¶ 7. Margalit Schneorson acknowledges the Family Court cannot equitably divide marital property that is property of Debtor's bankruptcy estate. *Id.* Therefore, the Bifurcation Motion suggests the Family Court reserve decision on determinations of equitable distribution until this Court has dismissed the Bankruptcy Case or the property to be equitably distributed is no longer property of Debtor's bankruptcy estate. *Id.*

Debtor claims that Margalit Schneorson's matrimonial attorney also submitted a proposed order which was then purportedly entered by the Family Court (the "Proposed Stay Order"). Am. Obj., at 3, ECF No. 18, Adv. Pro. No. 22-1025. It appears that a copy of the proposed order is attached to Debtor's amended objection to the motion to dismiss filed in adversary proceeding 22-1025 (a summary of that adversary proceeding is included below). *See* Am. Obj. Ex. D, ECF No. 18, Adv. Pro. No. 22-1025. The Proposed Stay Order provides, in relevant part, that pending further Bankruptcy Court orders the Family Court Clerk is directed to stay the Matrimonial Action, including staying equitable distribution of property that may be property of the estate, proceedings concerning the restraint on the Barry A. Kaye Accounts, and alimony and support claims. *See generally id.* The order further provides the Matrimonial Action is not stayed, however, respecting the Bifurcation Motion or Margalit Schneorson's claim to dissolve the marriage. *Id.*

### This Adversary Proceeding

On April 29, 2022, Debtor filed a notice of removal for "all claims and causes of action" in the Matrimonial Action (the "Notice of Removal"). Notice of Removal, Adv. ECF No. 1. Attached to the notice is a copy of the *Wife's Verified Motion for Temporary Financial Relief Pendente Lite, Including Temporary Alimony and Temporary Attorney's Fees and Costs, and for*

*Other Relief Incident Thereto* (the "Temporary Support Motion").  The Temporary Support Motion requested temporary alimony, temporary attorney's fees, suit monies, costs, and funds to pay a forensic accountant.   Temporary Support Mot. ¶¶ 10, 12.   The Temporary Support Motion references Margalit Schneorson's separate *Verified Petition for Dissolution of Marriage and Other Relief Incident Thereto*.  *Id.* ¶ 1.  The Temporary Support Order resolved the Temporary Support Motion.  *See* Stay Relief Motion Ex. C.

On May 27, 2022, Margalit Schneorson filed the Motion seeking remand of the Matrimonial Action to the Family Court or, alternatively, requesting this Court abstain from hearing the Matrimonial Action.  Mot., Adv. ECF No. 6.  She argues the Notice of Removal is procedurally defective in three respects.  First, the Notice of Removal was required to be filed in the United States District Court for the Southern District of Florida as opposed to the Bankruptcy Court for the Eastern District of New York.  Second, the Notice of Removal fails to include a short plain statement of the facts entitling Debtor to file the Notice of Removal.  Third, Debtor failed to attach copies of all process and pleadings to the Notice of Removal.

Additionally, Margalit Schneorson argues there are sufficient grounds to remand or abstain from adjudicating the Matrimonial Action.  Mot. ¶¶ 14-30.

On July 17, 2022, Debtor filed opposition to the Motion.  Opposition, Adv. ECF No. 10. Debtor argues that removal of the Matrimonial Action was proper because this Court has diversity jurisdiction.  *Id.* at 9.  He also argues that removal was appropriate because "[t]he divorce case in [] State Court [] was railroaded, violating [his] Constitutional Right to a fair hearing and a fair judgment."  *Id.* at 10.  Debtor further argues that the factors identified in *Drexel Burnham Lambert Group Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (Bankr. S.D.N.Y. 1991), favor the denial of remand and that mandatory abstention does not apply here.  *Id.* at 11-14.  Finally, he argues that Alan R.

Crane's *pro hac vice* should be revoked because he committed fraud on this Court by filing a fraudulent proof of claim with respect to his fees as well as filing pleadings prior to the Court granting *pro hac vice* status. *Id.* at 14.[4]

On July 19, 2022, the Chapter 7 Trustee filed a response to the Motion (the "Trustee's Response"). Tr.'s Resp., Adv. ECF No. 11. The Chapter 7 Trustee argues this Court should not remand or abstain from hearing claims respecting equitable distribution of the marital property. Tr.'s Resp., at 2-3. Further, the Chapter 7 Trustee disputes Margalit Schneorson's claims to the proceeds from the sale of the Hallandale Property but concedes that issue does not need to be decided prior to adjudicating this Motion. *Id.* at 3.

The Chapter 7 Trustee also warns that remand would afford Barry A. Kaye the opportunity to dissolve the restraint on the Barry A. Kaye Accounts, and the Chapter 7 Trustee is investigating the estate's interests in those accounts. *Id.*

On July 22, 2022, Margalit Schneorson filed a reply to Debtor's Opposition (the "Reply"). Reply, Adv. ECF No. 12. In the Reply, Margalit Schneorson reasserts her position that removal was improper and untimely, and Debtor's Opposition has not addressed the procedural defects in the Notice of Removal. Reply, at 2. Alternatively, Margalit Schneorson argues that permissive abstention is appropriate as the *Drexel Burnham Lambert Group, Inc.* factors weigh in favor of remanding the Matrimonial Action back to state court. *Id.* at 8-9. She argues this Court does not have jurisdiction under 28 U.S.C. § 1334 because the Matrimonial Action is not a "core" proceeding and she reasserts her argument that mandatory abstention is appropriate here. *Id.* at 5.

Margalit Schneorson also argues that Debtor's assertion that this Court has diversity jurisdiction fails because she and Debtor were Florida citizens when the Matrimonial Action was

---

[4] Debtor's claims that Alan R. Crane and Margalit Schneorson have perpetuated a fraud on this Court are addressed in this Court's memorandum decision respecting Debtor's motion to dismiss in Adv. Pro. No. 22-1025.

filed.  *Id*. at 6.  Moreover, Margalit Schneorson argues that even if there was diversity of citizenship, there is a longstanding exception to the federal courts' diversity jurisdiction with respect to domestic relations matters.  *Id*. at 7 (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)).  Finally, she raises a new argument that the elements of the *Younger* abstention doctrine are also met here requiring the remand of the Matrimonial Action.

On August 14, 2022, the third-party defendant, Barry A. Kaye, filed an objection to the Motion to Remand (the "Kaye Objection").  Kaye Obj., Adv. ECF No. 16.  Barry A. Kaye argues he was not served with the Motion, therefore, granting it would violate his due process rights. Kaye Obj. ¶ 11.  He argues, remand will prejudice him and his company.  *Id.* ¶¶ 14-15.  On August 16, 2022, Barry A. Kaye and non-party Crown Travel International NYC, Inc. filed another objection to the Motion, reiterating prior arguments and alleging that Margalit Schneorson and her attorney are attempting to delay the Family Court from hearing his motion to dissolve the restraint on the Barry A. Kaye Accounts.  *See* Adv. ECF No. 18 ¶¶ 4, 16-20.

### *Other Adversary Proceedings*

Debtor has commenced three other adversary proceedings in the Bankruptcy Court that are summarized as follows:

*Menachem Mendel Schneorson v. Barry S. Franklyn Esq., Barry S. Franklin & Associates P.A., and Margalit Schneorson*, Adv. Pro. No. 22-1031 (Bankr. E.D.N.Y.), filed May 2, 2022, and *Menachem Mendel Schneorson v. Margalit Schneorson, Barry S. Franklin Esq., and Barry S. Franklin & Associates P.A.*, Adv. Pro. No. 22-1049 (Bankr. E.D.N.Y.), filed June 28, 2022.  In those two adversary proceedings, Debtor alleges the defendants violated the automatic stay by filing the Bifurcation Motion and requests the Court to hold the defendants in civil contempt and award him actual and punitive damages and attorney's fees under Bankruptcy Code section 362(k).

Compl. ¶¶ 13, 16-19, ECF No. 1, Adv. Pro. No. 22-1031; Compl. ¶ 22, ECF No. 1, Adv. Pro. No. 22-1049.  The defendants in those adversary proceedings have moved to dismiss the complaints. *See* ECF No. 8, Adv. Pro. No. 22-1031; ECF No. 5, Adv. Pro. No. 22-1049.

*Menachem Mendel Schneorson v. Barry S. Franklyn Esq., Barry S. Franklin & Associates P.A., Margalit Schneorson, Michael H. Cohen, Alan R. Carne Esq., Furr & Cohen, P.A.*, Adv. Pro. No. 22-1025 (Bankr. E.D.N.Y.), filed April 11, 2022.  The complaint alleges causes of action for fraud, bankruptcy fraud, concealment of assets, mail fraud, tax fraud, and abuse of process. Compl., at 1, ECF No. 1, Adv. Pro. No. 22-1025.  Debtor contends that the defendants conspired to file and prosecute the Matrimonial Action fraudulently and concealed certain marital assets with the purpose of defrauding Debtor's bankruptcy estate and creditors.  *Id.* at 2.  Debtor also alleges that Cohen & Schneorson Investment LLC (the "LLC") is a marital asset in which Debtor holds a 25% membership interest.  *Id*. at 3.  Debtor claims Margalit Schneorson and Michael H. Cohen sold most of the LLC's property for $2,800,000 without sharing the proceeds of the sale with Debtor.  *Id*.  The defendants in that adversary proceeding have moved to dismiss the complaint. Mot. to Dismiss, ECF No. 8, Adv. Pro. No. 22-1025.

## DISCUSSION

I.    **The Matrimonial Action was Properly Removed to this Court.**

   a.   <u>Failure to File the Notice of Removal in Southern District of Florida is not Fatal</u>.

Margalit Schneorson argues the Notice of Removal has no effect because Debtor failed to file the Notice of Removal with the clerk of the United States District Court for the Southern District of Florida, the district in which the Matrimonial Action is pending.  Mot. ¶ 14.

Bankruptcy Rule 9027(a)(1) provides that "[a] notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Fed. R. Bankr. P. 9027.

Margalit Schneorson is correct that the Notice of Removal should have been filed in the Southern District of Florida.  Most courts hold, however, that removal to the wrong federal district is a procedural error and the court to which the case was wrongly removed has jurisdiction to hear the removed case or remand it.  *See Great W. Bank v. Clear Vision Express Tucson 2 LLC*, No. CV-21-00883-PHX-MTL, 2021 U.S. Dist. LEXIS 193166 (D. Ariz. Oct. 6, 2021) (collecting cases).

This Court adopts the majority position and holds the Notice of Removal is effective notwithstanding Debtor filed the Notice of Removal in the wrong venue.

      b.  <u>Failure to File the Notice of Removal with the District Court Clerk is not Fatal</u>.

Margalit Schneorson argues, albeit indirectly, that the Notice of Removal is defective because it was filed with the bankruptcy court clerk as opposed to the district court clerk.  In *BankPlus v. Davis (In re VC Macon, GA, LLC)*, 608 B.R. 470, 476 (Bankr. S.D. Miss. 2019), cited by Margalit Schneorson, a party to a state court action filed a notice of removal with the clerk of the Bankruptcy Court for the Southern District of Mississippi as opposed to the District Court for the Southern District of Mississippi.  *Id.* at 472.  The court in that case held it did not have jurisdiction over the removed action because the notice was erroneously filed with the clerk of the bankruptcy court.

Most courts, however, including several Circuit Courts of Appeals agree that the removal of a state court action directly to a bankruptcy court does not require remand nor divest the

bankruptcy court of jurisdiction. *See Meritage Homes Corp. v JPMorgan Chase Bank, N.A.*, 474 B.R. 526 (Bankr. S.D. Ohio 2012) (collecting cases).

For the reasons articulated in *Meritage Homes Corp.*, this Court adopts the majority position and holds that a notice of removal filed with the bankruptcy court instead of the district court effectuates removal.

### c. Deficiencies in the Notice of Removal are Not Fatal.

Margalit Schneorson claims the Notice of Removal is defective because Debtor failed to attach "a copy of all process and pleadings." Bankruptcy Rule 9027(a)(1) requires copies of process and pleadings to be attached to the Notice of Removal.  Under Bankruptcy Rule 9027(e)(2), however, the Court "may require the party filing the notice of removal to file with the clerk copies of all records and proceedings relating to the claim or cause of action in the court from which the claim or cause of action was removed."  As set forth below, the Court will order Debtor to file copies of process and pleadings. Therefore, the Court will consider the Notice of Removal notwithstanding Debtor has not attached copies of process and pleadings.

Margalit Schneorson also claims the Notice of Removal is defective because it does not contain a plain statement as to the facts supporting the removal.  Instead, the notice of removal states "[t]he removed cases may be core, and some claims may be non-core."  Notice of Removal, at 1.

The Notice of Removal does contain a statement of the facts supporting removal.  The statement is found in the Temporary Support Motion attached to the Notice.  The attachment to the Notice of Removal is clear and provides the Court with notice of the claims to be removed (i.e., the dissolution of the marriage, the disputes respecting the Hallandale Property and the award of temporary support) and how the claims are related to this bankruptcy (i.e., the potential for

estate assets to be diverted to Margalit Schneorson as opposed to being distributed in accordance with Bankruptcy Code section 727).  The Temporary Support Motion does not reference the restraint on the Barry A. Kaye Bank Accounts.  However, at the August 30, 2022 status conference on the Motion for Remand, Debtor, Barry A. Kaye and Margalit Schneorson agreed that this Court would hear and decide the disputes respecting the restraint on the Barry A. Kaye Bank Accounts.

Accordingly, notwithstanding the procedural deficiencies in the Notice of Removal, the notice was effective in removing all claims in the Matrimonial Action to this Court.

## II.    The Court Should Remand Most Claims Asserted in the Matrimonial Action.

The remand of actions removed to bankruptcy courts is governed by 28 U.S.C. § 1452(b) and procedurally by Rule 9027(d) of the Federal Rules of Bankruptcy Procedure.  Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  An "equitable" ground is one that is "fair and reasonable."  *In re Cathedral of the Incarnation of the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996).  Courts consider the following factors when considering whether to remand the claims back to state court:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Shumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010) (citing *Drexel Burnham Lambert Group Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (Bankr. S.D.N.Y. 1991)).

Here, the claims subject to remand are Margalit Schneorson's: (i) claim for dissolution of the marriage; (ii) claim for temporary domestic support, including attorneys' fees and costs; (iii) claim for alimony; (iv) claim for equitable distribution of marital property; (v) third-party claim

against Barry A. Kaye to avoid the mortgage on the Hallandale Property; and (vi) restraint on the Barry A. Kaye Accounts.

The Claim for Dissolution of the Marriage is Remanded to Family Court.  The *Drexel* factors weigh heavily in favor or remand.  Dissolution of the marriage has no effect on the efficient administration of the Bankruptcy Case.  The dissolution of marriage claim is governed by Florida state law.  Debtor has not identified any grounds for this Court to displace the Family Court. The degree of relatedness between the dissolution of marriage claim and the Bankruptcy Case is small. Accordingly, the dissolution of marriage claim is remanded to the Family Court.

Temporary and Permanent Domestic Support, Alimony, and Equitable Distribution. Similarly, the *Drexel* factors weigh in favor of remand of Margalit Schneorson's claims for support and equitable distribution.  State law issues predominate those claims and the determination of those claims should have limited impact on the administration of the bankruptcy estate.

Debtor claims this Court should hear and determine the domestic support claims because the Family Court's award of temporary domestic support was based on erroneous factual findings. The Temporary Support Order is an interlocutory order that the Family Court may modify.  *See* Fla. Stat. § 61.14(11); *see also Dent v. Dent*, 851 So. 2d 819 (Fla. Dist. Ct. App. 2003) (temporary support orders do not create vested rights and can be modified or vacated); *Ghay v. Ghay*, 954 So. 2d 1186, 1190 (Fla. Dist. Ct. App. 2007) ("If further discovery reveals that a temporary support order is inequitable or based upon improper calculations, any inequity can usually be resolved in the final judgment, after a full and fair opportunity to be heard.").  Despite the alleged errors in the factual findings, the Family Court is best suited to review the Temporary Support Order and award alimony due to its experience with Florida matrimonial law generally and the Matrimonial Action specifically.

Debtor also argues the award of temporary domestic support is integral to this case because the allegedly inflated award of domestic support is a nondischargeable claim that impacts Debtor's fresh start. The impact on Debtor is not synonymous with the impact on the bankruptcy estate. Under *Drexel*, the Court should consider the impact on the bankruptcy estate's administration as opposed to the impact on the debtor. The award of domestic support should not materially impact the administration of the estate.

Margalit Schneorson's attempts to collect domestic support from property of the estate and equitable distribution of estate property could affect the administration of the bankruptcy estate. Typically, the bankruptcy estate is protected by Bankruptcy Code sections 362(b)(2)(A)(iv) and 362(b)(2)(B), which stays collection of domestic support obligations from property that is property of the estate and also stays the division of property that is property of the estate.

As the Bankruptcy Case is Debtor's second case in less than one year, the automatic stay terminated as to Debtor under Bankruptcy Code section 362(c)(3). There is a split of authority as to whether Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay as to property of the bankruptcy estate. Most courts hold that Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay only as to property of the debtor but does not operate to terminate the automatic stay as to property of the debtor's bankruptcy estate. *See In re Hale*, 535 B.R. 520, 523-24 (Bankr. E.D.N.Y. 2015) (collecting cases). The minority position is that Bankruptcy Code section 362(c)(3)(A) terminates the automatic stay respecting both property of the estate and property of the debtor. *Id*. at 526.

If Bankruptcy Code section 362(c)(3) did not terminate the automatic stay as to property of the estate, attempts to collect domestic support from property of the estate and equitably distribute property that is property of the estate would violate the automatic stay. Margalit

Schneorson appears to have anticipated the impact of the automatic stay as the Proposed Stay Order contemplates that equitable distribution, alimony and support claims be stayed pending further order of this Court.  The Court is advised the Family Court entered the Proposed Stay Order.

Accordingly, although the claims respecting temporary and permanent domestic support and equitable distribution are remanded to the Family Court, equitable distribution of marital assets should be held in abeyance pending this Court's determination of the bankruptcy estate's interests in alleged marital property (including the Hallandale Property, the Ocean Parkway Property and the LLC).  The rights of all parties in interest (including Debtor and the Chapter 7 Trustee) are reserved to seek appropriate relief for any violation of the automatic stay stemming from collection of domestic support obligations or distribution of property that is property of the estate.

Claims Related to the Restraint on the Barry A. Kaye Accounts.  The Family Court restrained the Barry A. Kaye Accounts based on Margalit Schneorson's allegations that the Ocean Parkway property is marital property and proceeds from its sale were deposited into those accounts.  Barry A. Kaye argues the restraint should be released because the Ocean Parkway Property proceeds are not on deposit in the Barry A. Kaye Accounts.  Debtor argues any restraint on the Barry A. Kaye accounts is improper because the Ocean Parkway Property is not marital property and Margalit Schneorson has no interest in the property or its proceeds.  To the extent Debtor has interests in the Ocean Parkway Property, those interests are property of the bankruptcy estate.  As such, the determination of the parties' rights to the funds in the Barry A. Kaye Accounts is tied to the bankruptcy estate's rights in the Ocean Parkway Property.  Determining the extent of property of the estate is a core proceeding over which this Court has subject matter jurisdiction.  See In re Felice, 480 B.R. 401, 410 (Bankr. D. Mass. 2012).  Accordingly, this Court will hear and

determine claims related to the restraint on the Barry A. Kaye Accounts. Margalit Schneorson, Barry A. Kaye, the Chapter 7 Trustee and Debtor agree that those claims should be heard and determined by this Court and have consented to this Court's jurisdiction.

<u>Claim to Avoid Mortgage on Hallandale Property and the Bankruptcy Estate's Interests in Hallandale Property Proceeds</u>.  Pre-Petition Date, the Family Court entered an order granting Margalit Schneorson's claim to avoid Barry A. Kaye's mortgage on the Hallandale Property.  The Court is unaware of any appeal or other pleading indicating this claim is not fully resolved. However, not all pleadings have been filed on the docket of this adversary proceeding.  If Debtor or Barry A. Kaye believes this claim has not been determined, either may file a notice on the docket of this case indicating the claim has not been fully resolved together with all pleadings and Family Court orders related to the mortgage claim; provided the notice is filed with thirty days.  If a notice is filed, the Court may hold further proceedings to determine whether to remand Margalit Schneorson's third-party claim against Barry A. Kaye to Family Court.

The Chapter 7 Trustee is holding the net proceeds of the Hallandale Property.  This Court will hear and determine the claim respecting Debtor's estate's interest in the proceeds.

<u>Any Additional Claims</u>.  Debtor failed to file all Family Court pleadings with the Notice of Removal.  A review of those pleadings would aid the Court and ensure this memorandum addresses all claims brought in the Matrimonial Action.  Accordingly, Debtor is directed to file the complaint (as amended), Debtor's and Barry A. Kaye's answers on the docket of this adversary proceeding within sixty (60) days of entry of an order memorializing this memorandum.

### III.    **The Court Need Not Address Margalit Schneorson's Claim for Abstention**

As the Court has determined to remand all claims in the Matrimonial Action to the Family Court (except those claims the parties have agreed this Court should hear or determine and those

claims that are core proceedings), the Court need not consider Margalit Schneorson's alternative request for relief.

## **<u>CONCLUSION</u>**

For the reasons set forth above, the Court remands to the Family Court the marriage dissolution, temporary and permanent domestic support, and equitable distribution claims; provided that subject to further Court order, Margalit Schneorson may not enforce Family Court orders for domestic support or alimony against estate assets or seek equitable distribution of property that is property of the estate. This Court will hear and determine claims related to the restraint on the Barry A Kaye Accounts and the bankruptcy estate's interests in the LLC, the Hallandale Property and Ocean Parkway Property sale proceeds and any other alleged marital property. After the Debtor files the Matrimonial Action pleadings on the docket of this adversary proceeding, the Court may supplement this memorandum if other claims were asserted in the Matrimonial Action that are not addressed in this memorandum.

The Court will issue an order consistent with this memorandum.

**Dated: September 29, 2022**
      **Brooklyn, New York**

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**